Craig Alan Hansen (SBN 209622)
  Email: craig@hansenlawfirm.net
Sarah Wager (SBN 209277)
  Email: sarah@hansenlawfirm.net
HANSEN LAW FIRM, P.C.
152 North Third Street, Suite 530
San Jose, California 95112
Telephone:  (408) 715-7980
Facsimile:  (408) 715-7001

Attorneys for Defendants,
MyChoice Software, LLC, and Nathan Mumme

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICROSOFT CORPORATION, a Washington company,<br><br>　　Plaintiff,<br><br>　　v.<br><br>MYCHOICE SOFTWARE, LLC, a California limited liability company, and NATHAN MUMME, an Individual,<br><br>　　Defendants. | Case No. 8:16-cv-2187-DOC-KES<br><br>**DEFENDANT MYCHOICE SOFTWARE, LLC'S NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE THIRD-PARTY COMPLAINT AGAINST FLEX-TECH SOLUTIONS, INC., SOUTHERN TECHNOLOGY SOLUTIONS, INC., TERI REEVES, THOMAS REEVES, AND DOES 1 – 10.** |
| MYCHOICE SOFTWARE, LLC, a California limited liability company, and NATHAN MUMME, an Individual,<br><br>　　Counter-Claimants<br><br>　　v.<br><br>MICROSOFT CORPORATION, a Washington company,<br><br>　　Counter-Defendants | Date:　　April 23, 2018<br>Time:　　8:30 a.m.<br>Courtroom: 9D |

# NOTICE OF MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on April 23, 2018, at 8:30 a.m. in the above-referenced courtroom, defendant MyChoice Software, LLC will and hereby does move for leave to file a third-party complaint against Flex-Tech Solutions, Inc., Southern Technology Solutions, Inc., Teri Reeves, Thomas Reeves, and Does 1 – 10.

This motion is based upon the memorandum of points and authorities set forth below, the declaration of Nathan Mumme, the declaration of Craig Hansen, the [proposed] third-party complaint, the pleadings and papers on file with the Court, the argument of counsel, and any other matters properly before the Court. Plaintiff Microsoft Corporation was advised of MCS's proposed third-party complaint and has declined to consent to its filing, thereby necessitating this motion. This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on March 16, 2018.

# MEMORANDUM OF POINTS AND AUTHORITIES

Defendant MyChoice Software, LLC ("*MCS*") respectfully submits this memorandum of points and authorities in support of its request, pursuant to Fed. R. Civ. P. 14(a)(1) for leave to file a Third-Party Complaint ("Complaint") against Flex-Tech Solutions, Inc., ("*FlexTech*"), Southern Technology Solutions, Inc. ("*STS*"), Teri Reeves ("*Teri*"), Thomas Reeves ("*Thomas*"), and Does 1 – 10 (collectively, "*Third-Party Defendants*").

## PRELIMINARY STATEMENT

This is a dispute concerning MCS's alleged sale of unauthorized Microsoft software (the "*Accused Software*"). MCS denies liability but asserts that it is entitled to indemnity from the vendors that sold it the Accused Software if held liable under Microsoft's claims. *The Warranty of Title and Against Infringement*, UCC § 2-312, Cal. Comm. Code § 2312, entitles buyers of goods to receive indemnification for harm arising out of a merchants' failure to deliver goods which are free of claims of infringement by third parties.

MCS requests that the Court enter the Proposed Order, permitting it to file the Third-Party Complaint against vendors that breached the warranty against infringement, thereby giving rise to Microsoft's claims against MCS.

## STATEMENT OF FACTS

MCS is in the business of purchasing Microsoft software from wholesale vendors and reselling the software to its customers. MCS has a track record of success and was awarded the 2016 "Rising Star" award by Microsoft. Declaration of Nathan Mumme ("*Mumme Decl.*"), ¶ 2.

On December 9, 2016, Microsoft sued MCS alleging that it sold certain software goods which Microsoft believes are unauthorized or counterfeit (the "*Accused Software*"). This was a surprise to MCS since it employs a rigorous process for ensuring the authenticity of its software and buys software from vendors endorsed by Microsoft itself. Mumme Decl. ¶ 3.

Following the filing of Microsoft's complaint, MCS launched a thorough internal investigation in order to identify the vendors that sold it the Accused Software. MCS sells many software products and sources its software from many different vendors, which made it difficult to connect the Accused Software to specific vendors. The difficulty was compounded by the fact that Microsoft's allegations lacked specific details that would otherwise enable MCS to quickly connect the Accused Software to specific MCS vendors. Mumme Decl. ¶ 4.

To address the lack of detail, on May 12, 2017, MCS filed a motion to dismiss or to compel a more definite statement (Dkt # 27), which the court granted in part and denied in part on October 10, 2018. Dkt. # 33. The Court also further granted Microsoft leave to file a second amended complaint by October 30, 2017, which Microsoft filed on that date. Dkt. # 34.

MCS filed its answer on November 13, 2017. Dkt. # 35. Since that time MCS has obtained new legal counsel, which first appeared in this Action on February 8, 2018. Dkt #51.

In its January 25, 2018, scheduling order ("**Scheduling Order**"), Dkt. # 50, this Court set the fact discovery cut-off date for November 30, 2018, and the trial date for April 2, 2019. The Scheduling Order further set **March 26, 2018,** as the parties' deadline to file a motion to amend their pleadings or to join additional parties. *Id*.

Following its investigation, MCS concluded that some or all of the Accused Software likely originated from each of the Third-Party Defendants. Mumme Decl.

¶ 5.

MCS has incurred, and expects to continue to incur, significant attorneys' fees and costs defending against Microsoft's allegations in this action. MCS should be granted the opportunity to seek indemnity to which it is entitled under Cal. Comm. Code § 2312, without having to file a separate action likely to result in additional costs and delays. Mumme Decl. ¶ 6.

## ARGUMENT

MCS's request for leave to file its Third-Party Complaint should be granted because the request will not prejudice Microsoft, will not unduly complicate issues at trial, will not result in a trial delay, and is timely per this Court's Scheduling Order.

FRCP 14 governs the impleading of third-party defendants. The purpose of Rule 14 is to promote judicial efficiency by eliminating the need for defendants to bring a separate action against parties secondarily or derivatively liable to the defendant on account of a plaintiff's claim. *Southwest Admin., Inc. v. Rozay's Transfer* (9th Cir. 1986) 791 F2d 769, 777. Since the rule is designed to reduce multiplicity of litigation, it is construed liberally in favor of allowing impleader. *Fed. Deposit Ins. Corp. v. Loube*, 134 F.R.D. 270, 272 (N.D. Cal. 1991).

Absent a stipulation between the parties, a defendant must obtain leave to file a third-party complaint once 14 days have passed since the original answer was served. FRCP 14(a)(1). "The decision whether to implead a third-party defendant is addressed to the sound discretion of the trial court." *Southwest Adm'rs, Inc.*, 791 F.2d

at 777.  "In exercising this discretion, the court typically considers several factors, including (1) prejudice to the original plaintiff; (2) complication of issues at trial; (3) likelihood of trial delay; and (4) timeliness of the motion to implead." *Joe Hand Prods., Inc. v. Davis*, No. 12-06166, 2012 WL 6035538, at *1 (N.D. Cal. Dec. 4, 2012).

Permitting MCS to file its Third-Party Complaint will not result in prejudice to Microsoft.  Taking discovery from the Third-Party Defendants will be required whether or not they are impleaded.  MCS pleaded the affirmative defense of "innocent infringement," arguing that if MCS is found to have sold unauthorized copies of Microsoft software, MCS purchased the software without knowledge of its unauthorized nature.  Furthermore, the Court has already put in place a case schedule with a discovery cut-off of November 30, 2018, and a trial date of April 2, 2019.  There is over eight months remaining to take fact discovery and over a year before trial begins.  The Third-Party Defendants will have sufficient time to conduct full discovery and prepare for trial within this time period and joining the Third-Party Defendants will not require expansion of the case schedule.  See *Century Surety Company, Inc. v. Acer Hotel, et. al.*, No. 13-cv-00593, at 2 (N.D. Cal.  Jun. 12, 2013) (granting leave to file third-party complaint when there is eight months remaining to take fact discovery and nearly a year before trial begins).

The third-party claims will not complicate the issues at trial.  As discussed, the Third-Party Defendants' relationship *vis-à-vis* Microsoft's allegations is already at

1  issue and will be addressed in trial.  Whether impleaded or not, the Third-Party
2  Defendants will likely be called to provide testimony at trial.  Judicial economy will
3  be served by permitting MCS to seek indemnity without filing a separate action in
4  which many of the same background facts would have to be established through
5  discovery and repeated depositions of the Third-Party Defendants.
6  　　　Permitting MCS to file it Third-Party Complaint is not likely to delay trial.  The
7  schedule entered by this Court allows sufficient time for the Third-Party Defendants
8  to conduct discovery and prepare for trial with regard to the claims asserted in the
9  Third-Party Complaint.  *Id*.
10 　　　MCS has acted timely in bringing this motion under the Court's Scheduling
11 Order.  The timeliness of MCS's request is supported by the procedural history of this
12 action, MCS's need to conduct a lengthy investigation to identify the identities of the
13 Third-Party Defendants, and MCS's need to search for and obtain new counsel.

## **CONCLUSION**

15 　　　Permitting MCS to file the proposed Third-Party Complaint will serve the
16 interests of judicial economy by joining its claims against the merchants who sold
17 the Accused Software to MCS thereby giving rise to Microsoft's allegations.  No
18 prejudice will result, and there is already a case schedule in place that will allow the
19 proposed Third-Party Defendants to conduct discovery and prepare for trial.  The
20 inclusion of MCS's claims against the Third-Party Defendants will not unduly
21 increase the complexity of trial.  MCS has timely moved to file this request per this

1  Court's Scheduling Order and the circumstances discussed herein.

2       MCS therefore requests leave of court to file its proposed Third-Party
3  Complaint.

5  Dated: March 26, 2018       HANSEN LAW FIRM, P.C.

7       By: /s/ Craig A. Hansen
     Craig A. Hansen
     Sarah Wager
8       Attorneys for Defendants,
     MYCHOICE SOFTWARE and
9       NATHAN MUMME