| | |
|---|---|
| 1 | Katherine M. Dugdale, Bar No. 168014 |
| 2 | KDugdale@perkinscoie.com<br>PERKINS COIE LLP |
| 3 | 1888 Century Park E., Suite 1700<br>Los Angeles, CA  90067-1721 |
| 4 | Telephone:  310.788.9900<br>Facsimile:  310.788.3399 |
| 5 | Holly M. Simpkins, *pro hac vice* |
| 6 | HSimpkins@perkinscoie.com<br>PERKINS COIE LLP |
| 7 | 1201 Third Avenue, Suite 4900<br>Seattle, WA 98101-3099 |
| 8 | Telephone:  206.359.6474<br>Facsimile:  206.359.7474 |
| 9 | |
| 10 | Attorneys for Plaintiff<br>MICROSOFT CORPORATION |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICROSOFT CORPORATION, a Washington corporation,<br><br>       Plaintiff and Counter-Defendant,<br><br>    v.<br><br>MY CHOICE SOFTWARE, LLC, a California limited liability company; and NATHAN MUMME, an individual,<br><br>       Defendants and Counterclaimants. | Case No. 8:16-cv-2187-DOC-KES<br><br>**OPPOSITION TO DEFENDANT MY CHOICE SOFTWARE, LLC'S MOTION FOR LEAVE TO FILE THIRD-PARTY COMPLAINT**<br><br>Date:  April 23, 2018<br>Time:  8:30 a.m.<br>Ctrm:  9D<br>Judge:  The Hon. David O. Carter |

139208854.2

## I.  INTRODUCTION

In its most recent attempt to delay this action, Defendant MyChoice Software, LLC ("MyChoice"), requests leave to file a third-party complaint asserting eight causes of action against two entities and two individuals located in Florida that purportedly sold MyChoice unauthorized, counterfeit and illicit Microsoft software components. However, most of MyChoice's proposed claims are tort claims that are completely unrelated to Microsoft's claims against Defendants MyChoice and Nathan Mumme ("Defendants"). While Microsoft would certainly be interested in obtaining information from the vendors supplying Defendants with purported Microsoft software components, that information can be obtained through third-party discovery.

Plaintiff Microsoft Corporation ("Microsoft") opposes MyChoice's effort to further delay this case through the addition of these parties and claims for the following reasons: (1) adding four parties located in Florida will likely result in motions practice that may further delay the case; (2) even if jurisdiction is proper and the Third-Party Complaint survives a motion to dismiss, the addition of parties and claims will unnecessarily complicate this case; (3) MyChoice's proposed indemnity and tort claims could be brought in a separate action; and (4) the delay and increased costs will prejudice Microsoft. MyChoice's motion should be denied.

## II.  BACKGROUND

Microsoft filed this action in December 2016 because Defendants were offering and distributing infringing, counterfeit and illicit Microsoft software and components in violation of the injunction entered by this Court in <u>Microsoft Corp. v. My Choice Software, LLC</u>, No. 15-cv-515 DOC-RNB (C.D. Cal.) (Dkt. # 35). More than 15 months after being sued, on March 26, 2018, MyChoice filed its Motion for Leave to File a Third-Party Complaint against two Florida entities, FlexTech and STS, as well as two individuals alleged to control those entities, Teri

Reeves and Thomas Reeves, who presumably also reside in Florida.  <u>See</u> Mot. (Dkt. # 62).  Defendants seek to bring claims for: (1) indemnity, (2) tortious interference with contractual relations, (3) intentional interference with prospective economic relations, (4) negligent interference with prospective economic relations, (5) fraudulent misrepresentation, (6) fraudulent concealment, (7) equitable indemnity and (8) equitable contribution.  <u>See</u> Proposed Third-Party Complaint ("Prop. Third-Party Compl.") (Dkt. # 62-1).

Defendants are infringers currently obligated, under a stipulated permanent injunction entered by this Court, to refrain from further infringement of Microsoft's intellectual property.  Although Mr. Mumme expressed "surprise" at MyChoice's sale of unauthorized and infringing software (Declaration of Nathan Mumme (Dkt. # 62-2) ¶¶ 3), Defendants continued to buy Microsoft software components from suspect sources who are not Microsoft authorized distributors.  Defendants have been aware of these vendors since the litigation began, but sat on their claims until the last possible date and now seek leave to implead parties and inject tort and indemnity claims that would be more fairly and efficiently pursued in a separate action.

### III.   ARGUMENT

"The decision whether to implead a third-party defendant is addressed to the sound discretion of the district court."  <u>Sw. Adm'rs, Inc. v. Rozay's Transfer</u>, 791 F.2d 769, 777 (9th Cir. 1986).  In deciding whether to grant leave to file a third-party complaint, courts consider the following factors:  prejudice to the original plaintiff; complication of issues at trial; the likelihood of trial delay; and the timeliness of the motion to implead.  <u>UL LLC v. Space Chariot Inc.</u>, 250 F. Supp. 3d 596, 606 (C.D. Cal. 2017) (denying an impleader motion because the defendant could pursue its indemnification claim in a separate suit and permitting impleader would prejudice the plaintiff by delaying the case).  These factors disfavor impleader here.

Permitting MyChoice to implead four new named parties as well as additional Doe defendants against whom it seeks to assert eight causes of action would unduly complicate and delay this action. The four named putative third-party defendants appear to be domiciled in Florida, Prop. Third-Party Compl. ¶¶ 2-5, and there will likely be motions practice regarding whether personal jurisdiction over those individual and entities is proper in this Court, see Prop. Third-Party Compl. ¶¶ 9-10 (omitting any allegations regarding the propriety of exercising personal jurisdiction over the named defendants); Daimler AG v. Bauman, 134 S. Ct. 746, 761 (2014) (a corporate defendant is subject to general jurisdiction in its place of incorporation and principal place of business); Walden v. Fiore, 134 S. Ct. 1115, 1122, 1125 (2014) (for specific jurisdiction, a "plaintiff cannot be the only link between the defendant and the forum," and "mere injury to a forum resident is not a sufficient connection to the forum"). Lack of personal jurisdiction alone is a sufficient reason to deny an impleader motion. See 6 Wright & Miller, Federal Practice & Procedure § 1445 (3d ed.). Additionally, the third-party defendants could challenge the Third-Party Complaint through a motion to dismiss, potentially causing more delay.

MyChoice is not merely proposing to add a claim for indemnification; the Proposed Third-Party Complaint is much broader. Though the Motion highlights MyChoice's proposed indemnity claim, Mot. at 3, 5-7, it omits reference to the additional causes of action MyChoice seeks to inject: tortious interference with contractual relations, intentional interference with prospective economic relations, negligent interference with prospective economic relations, fraudulent misrepresentation, and fraudulent concealment, Prop. Third-Party Compl. ¶¶ 27-58. Those five claims hinge on the putative third-party defendants' knowledge and intent, id. ¶¶ 29, 36, 43, 49, 52, lack a nexus with the facts alleged and claims asserted in Microsoft's Second Amended Complaint, and dwarf MyChoice's indemnity claim. MyChoice should not be permitted to complicate this copyright

1  and trademark infringement action by adding unrelated tort claims against
2  non-parties.  Space Chariot, 250 F. Supp. 3d at 605-06 ("[M]ere relation between
3  the claims is insufficient; rather, a third-party claim must be derivatively based on
4  the original plaintiff's claim.").  Indeed, both the tort claims and the indemnity
5  claims could be asserted in a separate action.  See, e.g., Kandy Kiss of Cal. Inc. v.
6  Tex-Ellent Inc., No. CV 10-9215 GAF (CWX), 2012 WL 13006015, at *1 (C.D.
7  Cal. Aug. 8, 2012) (after being found liable for copyright infringement in separate
8  suit, adjudged copyright infringer sued its supplier under California Commercial
9  Code § 2312).

10  Complicating and delaying this action prejudices Microsoft by increasing
11  costs and postponing resolution of its counterfeiting and infringement claims that
12  were filed in 2016.  In contrast, denying MyChoice's motion would not prejudice
13  MyChoice[1] as it can pursue its claims in a separate lawsuit, either concurrent with
14  or after Microsoft obtains a judgement.

### IV.   CONCLUSION

For the foregoing reasons, Microsoft respectfully requests that the Court deny MyChoice's motion for leave to file the Proposed Third-Party Complaint.

DATED:  April 2, 2018

**PERKINS COIE LLP**

By:/s/ Katherine M. Dugdale
Katherine M. Dugdale, Bar No. 168014
KDugdale@perkinscoie.com

Attorney for Plaintiff
MICROSOFT CORPORATION

---

[1] To the extent MyChoice would like to seek discovery from the putative third-party defendants, it need not implead them.  Defendants are free to subpoena documents and testimony from those entities and individuals.