Craig Alan Hansen (SBN 209622)
  Email: craig@hansenlawfirm.net
Sarah Wager (SBN 209277)
  Email: sarah@hansenlawfirm.net
HANSEN LAW FIRM, P.C.
152 North Third Street, Suite 530
San Jose, California 95112
Telephone:  (408) 715-7980
Facsimile:   (408) 715-7001

Attorneys for Defendants,
MyChoice Software, LLC, and Nathan Mumme

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICROSOFT CORPORATION, a Washington company,<br><br>    Plaintiff,<br><br>    v.<br><br>MYCHOICE SOFTWARE, LLC, a California limited liability company, and NATHAN MUMME, an Individual,<br><br>    Defendants. | Case No. 8:16-cv-2187-DOC-KES<br><br>**DEFENDANT MYCHOICE SOFTWARE LLC'S REPLY BRIEF ISO MOTION FOR LEAVE TO FILE THIRD-PARTY COMPLAINT AGAINST FLEX-TECH SOLUTIONS, INC., SOUTHERN TECHNOLOGY SOLUTIONS, INC., TERI REEVES, THOMAS REEVES, AND DOES 1 – 10.**<br><br>Date:     April 23, 2018<br>Time:     8:30am<br>Courtroom: 9D<br><br>The Hon. David O. Carter |
| MYCHOICE SOFTWARE, LLC, a California limited liability company, and NATHAN MUMME, an Individual,<br><br>    Counter-Claimants<br><br>    v.<br><br>MICROSOFT CORPORATION, a Washington company,<br><br>    Counter-Defendants | |

Defendant MyChoice Software, LLC ("*MCS*") respectfully submits this reply memorandum in support of its motion (the "*Motion*"), pursuant to Fed. R. Civ. P. 14(a)(1) for leave to file a third-party complaint ("*Proposed Complaint*") against Flex-Tech Solutions, Inc., ("*FlexTech*"), Southern Technology Solutions, Inc. ("*STS*"), Teri Reeves ("*Teri*"), Thomas Reeves ("*Thomas*"), and Does 1 – 10 (collectively, the "*Third-Party Defendants*").

## INTRODUCTION

Plaintiff Microsoft Corp. ("*Microsoft*") in this action accuses MCS of selling inauthentic Microsoft software, and thereby infringing Microsoft's intellectual property rights. MCS denies these allegations and claims that it purchased the accused software from authorized vendors under warranty of authenticity and non-infringement. If the warranty was breached, and the software was inauthentic as Microsoft claims, these vendors are liable to MCS for their breach of warranty and for misrepresenting the authentic nature of the software. Accordingly, MCS filed a motion to implead these vendors, which Microsoft opposes.

## ARGUMENT

Impleading FlexTech and STS herein is logical and makes good use of FRCP 14(a)'s primary underlying purpose – judicial economy.

In its opposition ("*Opposition*") to MCS's Motion, Microsoft raises doubts

/ / /

/ / /

1  about the Court's personal jurisdiction over the Third-Party Defendants[1], and about

2  the propriety of including some of the third-party claims proposed by MCS[2].

3  However, as further explained below, the Court has personal jurisdiction over

4  the Third-Party Defendants, MCS's proposed third-party claims are proper for

5  impleading, and impleading will enhance judicial economy and significantly reduce

6  the multiplicity of litigation, all without prejudice to Microsoft.

### I. This Court Has Personal Jurisdiction Over the Third-Party Defendants

The Court's personal jurisdiction over the Third-Party Defendants appears to be beyond dispute.  The Third-Party Defendants knowingly advertised, sold, and delivered goods to individuals and businesses located in California, including to MCS.  MCS's claims against the Third-Party Defendants arise specifically out of these sales transactions and relate directly to the goods MCS received at its California business address after having purchased them from the Third-Party Defendants.

"Specific" jurisdiction exists if (1) the defendant has performed some act or consummated some transaction within the forum or otherwise purposefully availed himself of the privileges of conducting activities in the forum; (2) the claim arises out of or results from the defendant's forum-related activities; and (3) the exercise of jurisdiction is reasonable.  See *Bancroft & Masters, Inc. v. Augusta Nat. Inc.*, 223

---

[1] See Opp. at 3 ("there will likely be motion practice regarding whether personal jurisdiction over those individuals and entities is proper in this Court").

[2] See Opp. at 3 – 4 ("MyChoice should not be permitted to complicate this copyright and trademark infringement action by adding unrelated tort claims against non-parties").

1  F.3d 1082, 1086 (9th Cir. 2000), citing *Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d
2  414, 416 (9th Cir.1997).

3  The Proposed Complaint alleges facts that support the Court's exercise of specific jurisdiction over the Third-Party Defendants. See Proposed Complaint at p. 5 ("15. Following the filing of Microsoft's complaint, MCS launched an internal investigation in order to identify the vendors that may have sold it the Accused Software;" "16. Following its investigation, MCS concluded that certain Accused Software likely originated from the Third-Party Defendants, and each of them;" "17. On information and belief, Microsoft's allegations of infringement against MCS arise out of goods purchased from the Third-Party Defendants, and each of them.").

California Courts routinely exercise personal jurisdiction over out-of-state defendants for claims arising out of the sale of goods to California residents. See *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472–73, 105 S. Ct. 2174, 2182, 85 L. Ed. 2d 528 (1985) (A forum may seek to assert specific jurisdiction over an out-of-state defend if the defendant has "purposefully directed" his activities at residents of the forum, and the litigation results from alleged injuries that arise out of or relate to those activities) (internal citations omitted).

There appears to be no reason why this Court would be unable to exercise personal jurisdiction over the Third-Party Defendants in this instance.

## II. The Proposed Causes of Action Are Properly Included

While it does not specifically oppose MCS's proposed indemnity claims,

1  Microsoft in its Opposition opposes the inclusion of so-called "unrelated tort claims".
2  See Opp. at 3 – 4.

3  However, none of MCS' proposed claims are "unrelated". Each claim arises
4  out of the same transaction(s), namely, the Third-Party Defendants' sales to MCS of
5  software which Microsoft now claims to be inauthentic. Moreover, each of MCS's
6  proposed claims are explicitly dependent on the outcome of Microsoft's allegations:
7  "*In the event judgment is entered against MCS, or if MCS is otherwise liable for any*
8  *damages, fees, or costs relating to any of Microsoft's claims in this Action*" or "*If*
9  *and/or to the extent Microsoft's allegations are true*". See Proposed Complaint at 5 –
10  8. A third-party claim may be asserted only when the third party's liability *is in some*
11  *way dependent* on the outcome of the main claim and is secondary or derivative
12  thereto. See *Stewart v. Am. Int'l Oil & Gas Co.*, 845 F.2d 196, 199 (9th Cir. 1988)
13  (Emphasis added).

14  MCS simply seeks to implead those that may be liable to MCS for selling it
15  software which Microsoft now claims to be inauthentic. Nevertheless, in the event
16  that this Court deems improper for impleading any proposed claims other than MCS's
17  indemnity claims, MCS requests that the Court exercise its discretion and grant MCS
18  leave to file the Proposed Complaint in a form limited to the indemnity claims only
19  (nos. 1, 7, and 8). At the very least, MCS should have the ability to exercise its
20  statutory indemnity rights under Cal. Comm. Code § 2312 without having to incur the
21  additional costs and delays of bringing a separate lawsuit.

1  **III.  <u>Judicial Economy is Better Served by Impleading the Third-Party Defendants Rather Than Commencing a Wholly Separate Proceeding</u>**

2

3  Rule 14(a)'s purpose is judicial economy.  *UL LLC v. Space Chariot Inc.*, 250

4  F. Supp. 3d 596, 605 (C.D. Cal. 2017) citing *Zero Tolerance Entertainment, Inc. v.*

5  *Ferguson*, 254 F.R.D. 123, 126 (C.D. Cal. 2008).  Since the rule is designed to reduce

6  multiplicity of litigation, it is construed liberally in favor of allowing impleader.  *Fed.*

7  *Deposit Ins. Corp. v. Loube*, 134 F.R.D. 270, 272 (N.D. Cal. 1991).

8  Impleading the Third-Party Defendants would significantly reduce the

9  multiplicity of litigation since an entirely separate and largely duplicative legal

10  proceeding can be avoided.  Because discovery will need to be taken from the Third-

11  Party Defendants in this action <u>and</u> for the same or similar issues in any separate

12  action, duplicative discovery efforts and substantial discovery-related expenses can be

13  avoided by impleading the Third-Party Defendants.

14  **IV.  <u>Microsoft Will Not Be Prejudiced</u>**

15  Delay is unlikely because there is ample time left for discovery and before trial

16  begins.  Microsoft will thus not be prejudiced, and not in a manner that justifies

17  overlooking the judicial economy and the significant reduction in the multiplicity of

18  litigation that would result from allowing MCS to implead the Third-Party

19  Defendants.

20  **V.  <u>The Motion is Timely</u>**

21  MCS's request for leave is timely (per this Court's scheduling order) and is

1   reasonable under the circumstances. Microsoft's most recent complaint (second
2   amended complaint) was filed only on October 30, 2017. Furthermore, MCS
3   purchases software from many different vendors and MCS could not, from any of
4   Microsoft's complaints, immediately identify the vendors which supplied MCS with
5   the allegedly inauthentic software.

6   For these reasons, MCS had to file a motion for a more definite statement in
7   order to attempt to pinpoint the specific accused software copies implicated in
8   Microsoft's claims. See Dkt. # 27. MCS also had to conduct an internal investigation
9   in an attempt to connect Microsoft's claims to specific vendors that supplied MCS
10  with the accused software. See Mumme Decl., at ¶ 4. After completing its internal
11  investigation, MCS was finally able to identify the Third-Party Defendants as the
12  vendors-in-question. *Id.* at ¶ 5. These reasons justify the timing of MCS's request.
13  MCS's need to find and obtain substitute counsel, which first appeared in this action
14  on February 8, 2018 (see Dkt. # 51), further supports the timeliness of MCS's Motion.

## CONCLUSION

16  For the foregoing reasons, MCS respectfully requests that the Court grant
17  MCS's Motion to file the Proposed Complaint as previously submitted, or in a form
18  ///
19  ///
20  ///
21  ///

1  limited to claims 1, 7, and 8, and/or any other claims the Court in its discretion deems

2  proper.

4  Dated: April 9, 2018                           HANSEN LAW FIRM, P.C.

   　　　　　　　　　　　　　　　　　　　　　　 /s/ Craig Hansen
6  　　　　　　　　　　　　　　　　　　　　　　Craig A. Hansen
   　　　　　　　　　　　　　　　　　　　　　　Sarah Wager
7  　　　　　　　　　　　　　　　　　　　　　　Attorneys for Defendants,
   　　　　　　　　　　　　　　　　　　　　　　MYCHOICE SOFTWARE and
8  　　　　　　　　　　　　　　　　　　　　　　NATHAN MUMME